UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Hardial Sahota, | ) | Case No. 17-16304 |
| | ) | Judge: Jessica E. Price Smith |
| Debtor | ) | Adv. No.: |
| _____ | ) | |
| Munna Agarwal | ) | |
| 6107 Loch Lomond Court | ) | |
| Solon, Ohio 44139 | ) | |
| | ) | |
| Defendant | ) | |
| v. | ) | |
| | ) | |
| Hardial Sahota | ) | |
| 8825 Kings Orchard Trail | ) | |
| Chagrin Falls, OH 44023 | ) | |
| | ) | |
| Plaintiff | ) | |

**COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGEABILITY OF DEBT**

Munna Agarwal, for his complaint against Debtor and Defendant Hardial Sahota ("Debtor" or "Sahota ') states as follows:

1

1. Jurisdiction of the within proceedings is vested in this Court by virtue of the provisions of 28 U.S.C. §157 as enacted and effective on July 10, 1984 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio, in that the matters hereinafter alleged as the Complaint of Plaintiff are core proceedings relating among other things to the determination of the dischargeability of a debt pursuant to 11 U.S.C. §§523 and 727.

2. The claims asserted and the relief sought by Plaintiff in the within adversary proceeding are core proceedings. To the extent, if any, such claim or relief sought may be determined not to be core proceedings, Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Judge.

## **INTRODUCTION**

3. Debtor Sahota has engaged in a pattern of fraud and deceit that mandates denial of his discharge, or, alternatively, that his debt to plaintiff be deemed nondischargeable for the following reasons which facts are common to all counts of this complaint:

a) lying to this Court, the trustee and his creditors by failing to identify all of his creditors;

b) falsely testifying in state court and at his 341 meeting that he was out of business, when he was in fact in business at all relevant times;

c) concealing his involvement in the theft of $310,290.00 from Coyn Richardson, an 82 year old Parkinsons victim bank owner, and by characterizing such funds as monies he earned on a commodities transaction;

d) failing to include, as part of his Schedule B, his ownership of a company formed only

days before he filed his petition;

e) falsifying personal and business tax returns by failing to show stolen funds as income, and characterizing monies received as loans when they in fact represented income;

f) violating various state court orders and generally disrespecting the authority of the state court;

g) failing to satisfactorily explain 18.7 Million Dollars claimed to be in a bank account in Spain in 2015;

h) failing to provide requested tax documents; transfer or concealment of property with intent to hinder, delay, or defraud creditors;

i) destroying and/or concealing books and records;

j) failing to account for the loss of assets; violating court orders; engaging in spoliation of evidence and causing others to do so for his benefit;

k) committing acts of contempt of court which give rise to a non-dischargeable claim;

l) and by a myriad other acts of fraud and dishonesty.

4. These actions render Sahota ineligible for discharge pursuant to 11 U.S.C. §§ 727(a)(2), (4) and (5)..

5. Sahota actions have also violated §§523(a)(2) and 6) as set forth below.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 5 above as though fully rewritten herein.

7. On October 24, 2017, Debtor filed a voluntary petition for relief under the

3

provisions of Chapter 7 of the United States Bankruptcy Code, and an order for relief was entered on that date.

8. When Debtor filed his petition, he was subject to a judgment of the Cuyahoga County Common Pleas Court in the case of *Munna Agarwal v. Hardial Sahota*, Cuyahoga County Court of Common Pleas, Case No. CV-07-639959 ("the Agarwal Suit").

9. Said judgment was entered on October 29, 2007, stemming from certain cognovit notes executed by Debtor in the year 1996 for monies lent to Debtor or for his benefit.

10. The judgment was in the original amount of $223,804.80, and accrues interest at the rate of 8% per annum from the date of judgment and costs.

11. The current balance due and owing on Plaintiff's judgment is $399,864.57 plus continuing interest and court costs; said judgment remains in full force and effect and unsatisfied and unreversed of record; and no monies have been paid on said judgment.

12. In 2017 Plaintiff initiated certain collection procedures on his judgment seeking to identify and garnish assets of Debtor.

13. The Debtor has a long history of theft and/or misappropriating monies of various persons and firms.

14. The Debtor has, for considerable period of time, been involved in the commodities business, and operates companies known as FTC Metals, Inc.("FTC"), Blue Planet Commodities, Inc. ("BP"), and Optimax Consulting Limited.

15. The Debtor transacts much or all of his business under the names of FTC and BP, and uses these companies as alter egos and interchangeably and as a single business enterprise.

4

16. Debtor has had extensive dealings with certain friends, including but not limited to Rajinder Singh and Satwant Singh, who have loaned him money or otherwise funded or partnered business transactions with Debtor.

17. In 2017, in connection with execution proceedings initiated by Plaintiff on his judgment, Debtor gave extensive false testimony in Cuyahoga County Common Pleas Court, and conspired with family and friends to hide and conceal assets, including but not limited to monies deposited into and earned by his business enterprise.

18. Debtor's conduct constitutes fraud as evidenced by the following:

(a) Defendant gave extensive false testimony in state court in an effort to conceal his assets, which false testimony included, but is not limited to, sworn testimony in a deposition taken August 17, 2017 and at a state court hearing on October 12, 2017.

(b) Defendant utilized family and friends to conceal evidence of financial transactions entered into by Defendant so as to prevent discovery of his assets.

(c) The Debtor also concealed from Plaintiff during the State Court Action the bulk of his bank records, claiming that he discarded those records because his accounts had little money in them.

(d) At the October 12, 2017 hearing in Common Pleas Court regarding Plaintiff's motion to show cause why Defendant should not be held in criminal and civil contempt, the Debtor made false representations to the Common Pleas Court regarding his business operations and his income.

(e) At said hearing the Debtor falsely testified that he ceased doing business in August 2015, when records obtained by Plaintiff, including but not limited to bank records, reveal that

5

the Debtor conducted business in 2016 and 2017.

(f) On that date Defendant made false representations to the Common Pleas Court regarding the his business activities, including, on information and belief, that he never received product purchased by him.

(g) On December 1, 2017 the Debtor testified at the 341 meeting and again sought to conceal whether he was in business. Further, when confronted with the theft of the $310,290.00 from the account of Coyn Richardson the Debtor claimed that these funds belonged to him, and were profits of a commodities transaction.

(h) The false statements made by the Debtor under oath in state court and/or this Court include, but are not limited to, the following:

(1) That the Debtor is retired and does not work;

(2) In state court, that his laptop had been destroyed and that he provided all documents in his possession, when he later admitted in this court that he has a laptop with his business information on it;

(3) In state court, that he had produced all of his business records;

(4) That Blue Planet was established to do specialty business such as chemicals which he said was fertilizer - urea, ammonium sulphate and phosphate and food such as rice. These are the same activities conducted by FTC.

(5) That the Debtor has no other current entities or and no other businesses.

(6) That the Debtor is still operating. (contradicts previous 341 testimony that he is retired).

(7) That he never paid any monies on his wife's house since she acquired title in

1995. (Bank records obtained by Plaintiff show the Debtor made mortgage payments on the house, including but not limited to $15,000.00 payment to Concord Wickliffe Limited Partnership to settle a foreclosure case in October, 2012.

(8) That all statements contained in the petition were still true as of the 341 meeting, and that there was no cause to make any changes.

(9) That no one handles the Debtor's business matters for him when he is out of the jurisdiction, and the Debtor pays all his bills by phone when he is out of town.

(10) That no one else had signing authority on his accounts. The Debtor denied that his wife ever wrote checks on his accounts while out of town which in fact occurred in at least 2012.

(11) That the $309,101.14 amount deposited into FTC's Chase account was business revenue money representing FTC/Sahota's share of profits on a commodities transaction.

(12) That the $209,000.00 amount deposited into Chase was business profit and that it was his share of profit from a business deal that he closed and declared on his taxes as gross revenue. (The Debtor as noted testified in the state court contempt hearing that he has done no business since August 2015).

(13) That the Debtor owes Gateway Electric, Inc., $414,000.00, and has a record of all money owed to Gateway. (In state court contempt hearing the Debtor falsely testified he had provided all such documents).

19. The Debtor's conduct in the *Agarwal* Suit was part of a continuous pattern to hinder delay and/or defraud creditors through behavior to avoid payment of the judgment of Plaintiff and to enrich himself at the expense of Plaintiff.

7

## COUNT I

**(Nondischargeability Against the Debtor Hardial Sahota -Pursuant to 11 U.S.C. §523(a)(4))**

Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 19 above as though fully rewritten herein.

20. Pursuant to §523(a)(4) of the Unites States Bankruptcy Code, a debt incurred by a debtor who perpetrates fraud or false representations is nondischargeable.

21. The contempt of court brought by Plaintiff in the State Court Action is also non-dischargeable as it rises to the level of an intentional tort.

22. At all relevant times, the Debtor engaged in a pattern of fraud with respect to Plaintiff by concealing his business activities from the Court and Plaintiff.

23. The Debtor's actions constituted fraud and false representations when he engaged in the following acts, among others:

   (A) Claiming that he was out of business since August, 2015 when he was in fact in business at all times.

   (B) Concealing assets and defrauding Plaintiff as a creditor in violation of ORC § 2913.45;

   (C) Committing multiple acts of perjury in violation of ORC § 2921.11 and 18 USC § 1621;

   (D) Violating court orders to testify and produce documents;

   (E) Committing acts of spoliation of evidence;

   (F) Committing acts of civil and criminal contempt of court;

   (G) Engaging counsel to represent him and related parties in Common Pleas Court to

8

attempt to conceal his criminal and fraudulent acts and to obfuscate facts pertaining thereto.

24. As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount not presently ascertained, but believed to be in excess of $50,000, which should be non-dischargeable in the Debtor's bankruptcy. Based on the foregoing fraud and defalcation, Plaintiff requests that the debt owed to Plaintiff by the Debtor be deemed not dischargeable in his bankruptcy.

25. In committing the acts hereinabove described, the Debtor acted willfully, maliciously, and with deliberate intent to deceive Plaintiff, and because thereof, Plaintiff's claims are non-dischargeable and is entitled to punitive and exemplary damages in an amount to be determined at the time of trial, plus attorneys' fees.

## COUNT II

**(Nondischargeability Against the Debtor Hardial Sahota - Pursuant to 11 U.S.C. §523(a)(6))**

26. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 25, above and inclusive, as if set forth herein.

27. Pursuant to §523(a)(6) of the Unites States Bankruptcy Code, a debt incurred by a debtor who willfully and maliciously causes damage to a person or the person's property is nondischargeable.

28. Sahota engaged in willful and malicious conduct and damaged Plaintiff by concealing information and records regarding his assets, and by inducing his wife, and friends Rajinder Singh and Satwant Singh, to conspire with him to commit creditor fraud, in violation of ORC Section 2913.45 and common law, by concealing and spoliating evidence and giving false

9

testimony in state court to obstruct the collection of Plaintiff's judgment, which caused injury to Plaintiff.

29. The Debtor's false testimony as set forth herein has caused willful and malicious injury to Plaintiff who has been unable to fully and properly pursue collection of his claims against the debtor, which conduct includes the following acts, among others:

(A) Claiming that he was out of business since August, 2015 when he was in fact in business at all times.

(B) Concealing assets and defrauding Plaintiff as a creditor in violation of ORC § 2913.45;

(C) Committing multiple acts of perjury in violation of ORC § 2921.11 and 18 USC § 1621;

(D) Violating court orders to testify and produce documents;

(E) Committing acts of spoliation of evidence;

(F) Committing acts of civil and criminal contempt of court;

(G) Engaging counsel to represent him and related parties in Common Pleas Court to attempt to conceal his criminal and fraudulent acts and to obfuscate facts pertaining thereto;

30. As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount not presently ascertained but believed to be in excess of $50,000 which should be excluded from discharge in the Debtor's bankruptcy. Based on the foregoing fraud and defalcation, Plaintiff requests that the debt owed to Plaintiff by the Debtor be determined to be non-dischargeable in his bankruptcy.

31. In committing the acts hereinabove described, the Debtor acted willfully, maliciously, and with deliberate intent to deceive Plaintiff, and because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial, plus attorney's fees.

## COUNT III

**(Claim to Determine Dischargeability Pursuant to §523(a)(2))**

32. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 32, inclusive, as if set forth herein.

33. In addition to and as an alternative to Counts I and II above, Plaintiff avers that the actions of Defendant as described above constitute actual fraud, making Plaintiff's claims nondischargeable pursuant to 523(a)(2)(A) of the Bankruptcy Code.

34. Plaintiff has been damaged as a result of Defendant's actions in the sum in excess of $50,000.00, plus attorneys' fees and costs

## COUNT IV

**(Objection to Debtor's Discharge under Section 727(a)(4)(A) of the Bankruptcy Code)**

35. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 34, inclusive, as if set forth individually in this Count III.

36. Bankruptcy Code § 727(a)(4)(A) provides that:

    (a) The court shall grant the debtor a discharge, unless ---

        (4) the debtor knowingly and fraudulently, in or in connection with the case

        --

11

(A) made a false oath or account

37. The Debtor knowingly and fraudulently, has failed to report approximately $1.3 Million Dollars in embezzled funds during the second half of 2012.

38. The Debtor has knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented in the Statement of Financial Affairs attached to his Petition understated his income in a material amount.

39. The Debtor knowingly and fraudulently, in or in connection with the case, made one or more false oaths or accounts, in that he materially under-represented in the Statement of Financial Affairs his prior years' income.

40. The Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he failed in the Statement of Financial Affairs attached to his Petition to provide required information about the nature, names, taxpayer identification numbers, locations, and beginning and end dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession or other activity either full or part-time within six years immediately preceding the commencement of the case.

41. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Debtor and Defendant Hardial Sahota as follows:

1. On Count I for judgment against Debtor and Defendant Hardial Sahota. pursuant to §523 (a)(4) determining that the debt owed by the Debtor to Plaintiff, is not dischargeable in his bankruptcy case and for judgment in an amount of not less than the prior judgment of $399,864.57 plus continuing interest and court costs plus attorneys' fees and costs.

2. On Count II, for judgment against Debtor and Defendant Hardial Sahota pursuant to §523(a)(6) determining that the debt owed by the Debtor to Plaintiff, is not dischargeable in his bankruptcy case and for judgment in the amount of $399,864.57 plus continuing interest and court costs, plus attorneys' fees and costs.

3. On Count III for judgment against Debtor and Defendant Hardial Sahota. pursuant to §523(a)(2) determining that the debt owed by the Debtor to Plaintiff, is not dischargeable in his bankruptcy case and for judgment in the amount of $399,864.57 plus continuing interest and court costs plus attorneys' fees and costs.

4. In the alternative, on Count IV for judgment against Debtor and Defendant Hardial Sahota. denying the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A); and

5. That Plaintiff be awarded its attorney's fees, costs of suit incurred herein as provided for in the various settlement documents and judgment entries, and for such other and further relief as this Court deems proper.

                                                      s/Richard A. Baumgart
                                                      Richard A. Baumgart (#0002664)
                                                      DETTELBACH, SICHERMAN & BAUMGART
                                                      55 Public Square, 21st Floor
                                                      Cleveland, Ohio   44113-1902
                                                      Phone: (216) 696-6000
                                                      Fax:   (2l6) 696-3338
                                                      Email: rbaumgart@dsb-law.com
                                                      Attorneys for Plaintiff, Munna Agarwal